## STARK COUNTY, SEPTEMBER TERM, 1832.

### JUDGES—LANE AND WRIGHT.

---

### KEPLINGER *v.* SHERRICK.

Case for seduction—proof of standing of plaintiff's family—parents' connivance at familiarity.

In an action on the case by a father for the seduction of his daughter, it is competent to inquire into the character and standing of the plaintiff's family.

### Martin *v.* Martin.

*Where the defendant in such action on cross-examination has inquired [104 about the familiar intercourse of the daughter with him, known to the family, it is competent for the plaintiff to rebut any inference against him on that account, by proof that the defendant addressed the daughter under pretence of an intention to marry her.

CASE, by the plaintiff, for the seduction of his daughter.   On the examination of the daughter as a witness, she was asked if the defendant prevailed over her by promise of marriage.   This was objected to, but admitted by the court reserving the point.   Another witness was called and asked by the plaintiff, as to the standing of the plaintiff's family.   This was objected to.

LANE, J.   The object of this suit is to recover, amongst other things, for the disgrace and dishonor brought upon the plaintiff by the defendant's conduct with the daughter.   If the plaintiff's character is so low, that conduct of this kind would not affect it, the damages would be lessened.   Would they not be enhanced, if the character prove to be good ?   The evidence is admitted.

Verdict for the plaintiff for five hundred and eighty-five dollars damages.

*Jarvis* and *Starkweather* moved for a new trial, because evidence was admitted of the promise of marriage.

*Loomis* and *Metcalf*, contra.

LANE, J.   The defendant will take nothing by his motion.   He inquired, on cross-examination, about the daughter's familiarity with him, as affecting the transaction.   After that, we think the plaintiff had a right to inquire if the defendant addressed her in an honorable way, or under promise of marriage, to negative the pretence that the plaintiff improperly connived at the prostitution of his daughter.   3 *Camp.* 519; 3 *Stark. Ev.* 1309; 2 *Caines*, 292.